**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION,**

**ALLISON LEE HICKMAN,**

    Plaintiff,

vs.                                        Case No. 4:12cv144-WS/CAS

**FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,**

    Defendants.

_____/

## O R D E R

Plaintiff has filed a document that is styled as a letter, but which will be construed as a motion for reconsideration since it is directed to the report and recommendation. Doc. 23. Plaintiff should be aware that she has received Court Orders, not correspondence. Those Orders have required Plaintiff to submit information on her inmate bank account to determine whether Plaintiff is entitled to in forma pauperis status. Thus far, no ruling could be made on the documents Plaintiff has submitted. Docs. 2, 7, 11, 13, 17-20. An Order to Show Cause was entered on June 25, 2012, advising Plaintiff that she would be provided *one final opportunity* to comply with Court Orders. Doc. 21. She was specifically informed that if she did not submit the information as explained to her, this case would be dismissed. *Id.* Plaintiff made no

effort to respond.  After the report and recommendation was entered on August 2, 2012, doc. 22, Plaintiff filed the instant motion.  Doc. 23.

Plaintiff states that officials will only give her a bank account statement for a three month period of time.  Doc. 23.  If that is true, Plaintiff could request two statements so that a full six month period of time is shown.  However, experience with prisoner litigation has shown that six month account statements are commonly and routinely produced as they are required in all federal prisoner litigation.  Moreover, an Order entered on May 24, 2012, gave a specific requirement for Plaintiff on this issue: "[i]f Plaintiff maintains that prison officials will not provide her with the printouts, and that officials have told her they will not issue a printout, Plaintiff shall submit the inmate request form signed by the prison official which substantiates that information."  Doc. 16 at 2.  Plaintiff has not produced one grievance or inmate request form which supports her contention that officials will not give her what is routinely provided in all other cases.

The piecemeal fashion in which Plaintiff has been submitting information is not in compliance with the rules, and has resulted in conflicting information.   For example, in one document submitted earlier, Plaintiff provided a "Resident Activity Report" which purported to be for the time period between March 31, 2008, and April 22, 2012.  Doc. 13.  The document did not include the information which was provided in another more recent report Plaintiff submitted on June 5, 2012, doc. 18.  Plaintiff submitted a "Resident Account Summary" dated May 29, 2012, which revealed a $6.40 deposit on February 24, 2012.  Doc. 18.  Because that deposit information was not included in the earlier Report, doc. 13, which was *supposed* to include that period of time, the reports were in conflict with each other and needed clarification.

Case No. 4:12cv144-WS/CAS

Plaintiff has had sufficient opportunities to comply with Court Orders. This process has been ongoing since April 2, 2012. Doc. 5. No further opportunities should be extended and this case should be dismissed without prejudice. Plaintiff may re-file her case at such time when she will comply with Court Orders. Therefore, Plaintiff's motion for reconsideration has been reviewed, but provides no basis upon which to vacate the report and recommendation.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for reconsideration, doc. 23, is **GRANTED** to the extent this case has been reviewed and reconsidered.

2. Finding the report and recommendation correct, and because Plaintiff provided no basis to vacate the report and recommendation, the report and recommendation entered on August 2, 2012, will stand.

**DONE AND ORDERED** on August 14, 2012.

        **S/    Charles A. Stampelos**
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**